Brent Dorian Brehm – SBN 248983
  E-mail: bbrehm@kantorlaw.net
Glenn R. Kantor – SBN 122643
  E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiffs,
JAYSON D. PALMER, JUDITH PALMER, and JENNIFER WITHERSPOON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON D. PALMER, JUDITH PALMER, and JENNIFER WITHERSPOON,<br><br>Plaintiffs,<br><br>vs.<br><br>PRIMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) ANTICIPATOR BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jayson D. Palmer, Judith Palmer, and Jennifer Witherspoon herein set forth the allegations of their Complaint against Defendant Primerica Life Insurance Company.

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $100,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiffs are informed and believe that Defendant Primerica Life Insurance Company (hereinafter "Primerica") is a corporation incorporated in and with its principal place of business in the State of Georgia, authorized to transact

and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff Jayson D. Palmer is a resident and citizen of the County of Los Angeles, State of California.

5. Plaintiff Judith Palmer is a resident and citizen of the State of Indiana.

6. Plaintiff Jennifer Witherspoon is a resident and citizen of the State of Illinois.

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT PRIMERICA LIFE INSURANCE COMPANY
## FOR ANTICIPATORY BREACH OF CONTRACT

7. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

8. Prior to 2020, Jerry D. Jones purchased a term life insurance policy, insuring his own life, from Defendant Primerica.

9. In March 2020, Jones's policy reached the end of its level term premium, and he purchased from Primerica a new policy providing $263,000.00 in death benefits in the event he was to die while insured. The Plaintiffs named herein were the beneficiaries of the death benefit. In issuing the new policy, Plaintiffs are informed and believe and thereupon allege that Defendant failed to comply with its statutory obligations under Cal.Ins.Code § 10113.72.

10. Subsequent to the issuance of the policy, Mr. Jones became ill, and was incapacitated. Primerica's agent contacted beneficiary Jayson D. Palmer to advise him premiums were overdue. Mr. Palmer provided Primerica's agent with his credit card information and Primerica's agent took the necessary steps to have the premium paid via the use of Mr. Palmer's credit card.

11. Thereafter, while Mr. Jones remained incapacitated, the policy premium again was not paid, but this time, Primerica's agent did not reach out, and the policy lapsed effective May 2020. Mr. Jones died September 10, 2020, and

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

subsequent to receiving both a claim for the benefits, and an appeal of the denial of the claim for benefits, Defendant denied any benefit claim.

12. As a direct and proximate result of Primerica's improper denial of the Plaintiffs' right to receive the life benefits at issue herein, Plaintiffs have been wrongly deprived of the right to obtain benefits under the terms of the respective coverages.

13. Primerica's conduct constitutes a breach of the coverages. As a direct and proximate result of Primerica's breach of the coverages provided under the subject Policy, Plaintiffs have suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANT PRIMERICA LIFE INSURANCE COMPANY
## FOR BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

14. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

15. Primerica has breached its duty of good faith and fair dealing owed to Plaintiffs in the following respects:

   (a) Unreasonably withholding benefits from Plaintiffs in bad faith at a time when Primerica knew Plaintiffs were entitled to said full benefits under the subject Policy;

   (b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and provisions of the Policy, for the denial of Plaintiffs' claims for life insurance benefits;

  (c) Unreasonably delaying payments to Plaintiffs in bad faith knowing Plaintiffs' claims for benefits under the Policy were valid;

  (d) Unreasonably failing to afford Mr. Jones with the right to name a second person to be advised of a policy lapse, which the California legislature intended to protect insureds from losing coverage when they were incapacitated and unable to make premium payments;

  (e) Unreasonably taking initial action to notify Mr. Jones's son and policy beneficiary Jayson D. Palmer of a lapse in premium and accepting premiums from him, leading him to believe he would be notified of a subsequent lapse, or that the premiums would be automatically paid via his credit card, and then allowing the policy to lapse without further communications with Mr. Jones;

  (f) Knowingly denying benefits while having failed to comply with Cal.Ins.Code § 10113.72 which would have served to keep the policy in full force and effect;

  (g) Unreasonably compelling Plaintiffs to initiate litigation to recover amounts due under the Policy to further discourage Plaintiff from pursuing benefits under the Policy.

16. Plaintiffs are informed and believe and thereon allege that Primerica has breached its duties of good faith and fair dealing owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware. Plaintiffs will amend this Complaint at such time as Plaintiffs discover these other acts or omissions.

17. As a proximate result of the aforementioned wrongful conduct of Primerica, Plaintiffs have suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

18. As a further proximate result of the aforementioned wrongful conduct of Primerica, Plaintiffs have suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiffs' general damages in a sum to be determined at the time of trial.

19. As a further proximate result of the wrongful conduct of Primerica, Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Primerica is liable to Plaintiffs for those attorneys' fees reasonably necessary and incurred by Plaintiffs to obtain the Policy benefits in a sum to be determined at the time of trial.

20. Primerica's conduct described herein was intended by it to cause injury to Plaintiffs, was despicable with a willful and conscious disregard of the rights of Plaintiffs, subjected them to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Primerica with the intention to deprive Plaintiffs of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under Cal.Civ.Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Primerica.

21. Primerica's conduct in wrongfully denying life insurance benefits to Plaintiffs was an unfair act and practice which caused Plaintiffs to suffer a substantial loss of property, and assets essential to their health and welfare.

22. Defendant's conduct in wrongfully denying Policy benefits to Plaintiffs was an unfair act and practice which caused Plaintiffs to suffer a loss of assets essential to their health and welfare. Defendant's conduct in wrongfully denying benefits to Plaintiffs was an unfair act and practice which caused Plaintiffs to suffer a substantial loss of property set aside for personal care and maintenance, and assets essential to their health and welfare.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Primerica as follows:

1. Damages for failure to provide full benefits under the Jones Policy, in an amount to be determined at the time of trial but in excess of $263,000.00 plus interest accrued from the date of Jerry Jones's death;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $3,000,000.00;

4. Attorneys' fees reasonably incurred to obtain benefits under the Jones Policy in a sum to be determined at the time of trial;

5. Costs of suit incurred herein; and

6. Such other and further relief as the Court deems just and proper.

DATED: February 1, 2021         KANTOR & KANTOR, LLP

                                By:   /s/ Glenn R. Kantor
                                      Glenn R. Kantor
                                      Brent Dorian Brehm
                                      Attorneys for Plaintiffs,
                                      JAYSON D. PALMER, JUDITH
                                      PALMER, JENNIFER WITHERSPOON

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: February 1, 2021         KANTOR & KANTOR, LLP

                                By:   /s/ Glenn R. Kantor
                                      Glenn R. Kantor
                                      Brent Dorian Brehm
                                      Attorneys for Plaintiffs,
                                      JAYSON D. PALMER, JUDITH
                                      PALMER, JENNIFER WITHERSPOON